# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MELVIN CHARLES COLEMAN,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 3:14-cv-00374-RCJ-VPC

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss some grounds because they lack merit. The court will serve the petition upon respondents for a response to the remaining grounds.

    Petitioner was convicted in state district court of eluding a police officer and possession of a controlled substance, both felonies. Based upon his criminal history, the state district court adjudicated petition to be a habitual criminal and imposed two concurrent sentences of life imprisonment with the possibility of parole after ten (10) years.

    Grounds 1 through 5 suffer from a fundamental misunderstanding of how the habitual-criminal statutes operate with the statutes defining the principal crimes and their penalties. The principal crimes in this case are eluding a police officer, defined formerly in Nev. Rev. Stat. § 484.348 and now in Nev. Rev. Stat. § 484B.550, and possession of a controlled substance, defined in Nev. Rev. Stat. § 453.335. The penalties for eluding a police officer are provided in the statute itself. The penalties for felony possession of a controlled substance are defined in Nev. Rev. Stat. §

193.330. If a person has been convicted of felonies three times previously, then a court may adjudicate the person to be a habitual criminal and impose one of three penalties outlined in Nev. Rev. Stat. § 207.010(1)(b); petitioner's penalty is authorized by Nev. Rev. Stat. § 207.010(1)(b)(2). Petitioner argues incorrectly that Nev. Rev. Stat. § 207.016(1) requires the state district court first to impose penalties for eluding a police officer and possession of a controlled substance, and then to impose penalties for being a habitual criminal. He then argues that the district court failed to follow that procedure. Section 207.016(1) states, "A conviction pursuant to NRS 207.010 . . . operates only to increase, not to reduce, the sentence otherwise provided by law for the principal crime." The statute says nothing about imposing two penalties. Contrary to petitioner's argument, state law does not allow for a penalty on the principal crime and then a penalty for being a habitual criminal. There is only one penalty. The habitual-criminal penalty supersedes the stated penalty for the principal crime. Staude v. State, 908 P.2d 1373, 1377 (Nev. 1996). See also Cohen v. State, 625 P.2d 1170, 1172 (Nev. 1981); Lisby v. State, 414 P.2d 592, 595-96 (Nev. 1966); Hollander v. State, 418 P.2d 802, 807 (1966).

      Petitioner's penalties comply with what § 207.016(1) actually requires. The penalties that he received pursuant to § 207.010(1)(b)(2) are greater than any possible penalties he could have received solely for eluding a police officer and possession of a controlled substance. Consequently, the two sentences of life imprisonment with eligibility for parole beginning after 10 years are legal sentences, and they do not exceed any applicable statutory limits. Grounds 1 through 5 are without merit on their face, and the court dismisses them.

      IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      IT IS FURTHER ORDERED that grounds 1, 2, 3, 4, and 5 of the petition are **DISMISSED**.

      IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

      IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

Dated: November 19, 2014.

_____
ROBERT C. JONES
United States District Judge