UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN CHARLES COLEMAN,<br><br>  Petitioner,<br><br>  vs.<br><br>BRIAN E. WILLIAMS et al.,<br><br>  Respondents. | 3:14-cv-00374-RCJ-VPC<br><br>**ORDER** |

Petitioner Melvin C. Coleman is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") pursuant to a judgment of conviction in the Second Judicial District Court in Clark County, Nevada for possessing a controlled substance and eluding a police officer. (Pet. 1, ECF No. 9). His direct appeal was denied by the Nevada Supreme Court on March 11, 2010, and the final appeal his state habeas corpus petition was denied on April 10, 2014. (*Id.*). Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the following grounds: (1)–(2), (4)–(5) due process and equal protection violations based on a habitual criminal sentencing enhancement, which resulted in a sentence above the statutory maximum; (3) due process and equal protection violations based on the sentencing court's lack of jurisdiction; (6) ineffective assistance of trial counsel for failure to have Petitioner examined for mental health or substance abuse issues; (7) ineffective assistance of trial and appellate counsel for failure to have

the controlled substance independently tested at trial and failure to appeal the habitual criminal sentencing enhancement as a violation of Petitioner's right to a jury; (8) ineffective assistance of trial counsel for failure to inform Petitioner that he was representing Petitioner's son at the same time, which was a conflict of interest; (9)–(10) due process and equal protection violations via conviction based on insufficient evidence; (11) due process and equal protection violations via admission of bad acts evidence and evidence the state failed to preserve; and (12)–(13) violation of the Eighth Amendment via the state court's application of the state's habitual criminal sentencing enhancement.

Upon screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the Court dismissed Grounds 1–5.  Respondents have moved to dismiss the remaining grounds.  Petitioner has filed a non-opposition/motion to stay and abey.  The parties agree that at least Grounds 7 and 8 are unexhausted, making the remainder of the Petition mixed.  Petitioner therefore asks the Court to stay and abey the Petition under *Rhines v. Weber*, 544 U.S. 269, 277–79 (2005), and Respondents argue it should simply be dismissed under *Rose v. Lundy*, 455 U.S. 509, 522 (1982) because a stay and abeyance is unwarranted.

A stay and abeyance of a mixed petition is only appropriate in "limited circumstances," where a petitioner has shown "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.  Petitioner admits that Grounds 7 and 8 were presented to the state district court in his state habeas corpus petition but were not presented to the Nevada Supreme Court on appeal.  Petitioner argues, however, that his post-conviction appellate counsel's failure to press Grounds 7 and 8 constitutes good cause for failing to exhaust those grounds under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which recognized an exception to the

rule announced in *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991) that ineffective assistance of post-conviction counsel cannot provide good cause for failure to exhaust a claim.

Respondents correctly note, however, that the *Martinez* Court found good cause based on ineffective assistance of counsel in initial collateral review proceedings as an equitable matter only because the initial collateral review proceedings in that case were the first opportunity the petitioner had under state law to bring his ineffective assistance of trial counsel claims. *See id.* at 1317 ("Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim."). Respondents argue the Court should not extend *Martinez* by finding that good cause under *Rhines* can be found based on ineffective assistance of appellate counsel in collateral review proceedings. Indeed, the *Martinez* Court distinguished the facts in that case from the facts of the present case and the facts in *Coleman*, *see id.* at 1316 ("The alleged failure of counsel in *Coleman* was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court."). Petitioner admits the same is true here. The Court has no doubt the Supreme Court would not extend the "narrow exception" recognized in *Martinez*, *id.* at 1315, to the facts of the present case, *id.* at 1320 ("The rule of *Coleman* governs in all but the limited circumstances recognized here. . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .").

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 19) is GRANTED IN PART, and the Motion to Stay and Abey (ECF No. 27) is DENIED. The Petition is mixed and therefore subject to dismissal under *Rose v. Lundy*, and there is no good cause for a stay and abeyance under *Rhines v. Weber* or *Martinez v. Ryan*. Petitioner may therefore either: (1) voluntarily dismiss Grounds 7 and 8 and proceed with the remaining grounds; or (2) voluntarily dismiss the Petition without prejudice and return to state court to exhaust Grounds 7 and 8. If Petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this order into the electronic docket to: (1) inform the Court in a sworn declaration that he wishes to dismiss Grounds 7 and 8 and proceed only on the remaining grounds; or (2) inform this court in a sworn declaration that he wishes to dismiss the Petition to return to state court to exhaust Grounds 7 and 8. Failure to comply will result in the dismissal of the Petition.

IT IS FURTHER ORDERED that if Petitioner elects to dismiss only Grounds 7 and 8 and proceed on the remaining grounds, Respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after Petitioner serves his declaration. Petitioner shall have forty-five (45) days from service of the answer to file and serve a reply.

IT IS SO ORDERED.

Dated this 4th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge