# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MELVIN CHARLES COLEMAN,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 3:14-cv-00374-RCJ-VPC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9) and respondents' answer (ECF No. 35). Also before the court are petitioner's motion to voluntarily dismiss grounds 9 through 13 and application for certificate of appealability on grounds 1 through 5 (ECF No. 39), respondents' response to the motion (ECF No. 40), and petitioner's reply (ECF No. 42). The court denies petitioner's motion. The court finds that petitioner is not entitled to relief, and the court denies the petition.

After a state-court jury trial, petitioner was convicted of one count each of eluding a police officer and possession of a controlled substance. The state district court found petitioner to be a habitual criminal under Nev. Rev. Stat. § 207.010. For each count, petitioner was sentenced to life imprisonment with eligibility for parole starting after a minimum of 10 years. The sentences run concurrently. Ex. 24 (ECF No. 20-24). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (ECF No. 21-23).

Petitioner then filed a post-conviction habeas corpus petition in the state district court. Ex. 53 (ECF No. 22-3). The state district court appointed counsel, who filed a supplemental petition.

Ex. 68 (ECF No. 22-18). After an evidentiary hearing, the state district court denied the petition. Ex. 78 (ECF No. 23-4). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 119 (ECF No. 24-19).

Petitioner also filed in state district court a motion to correct an illegal sentence. Ex. 70 (ECF No. 22-20). The state district court denied the motion. Ex. 89 (ECF No. 23-14). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 110 (ECF No. 24-10).

Petitioner then commenced this action. The court dismissed grounds 1 through 5 before serving the petition on respondents because those grounds were without merit. ECF No. 8. The court denied reconsideration of the dismissal of these grounds. ECF No. 16. The court then found, upon respondents' motion, that petitioner had not exhausted his state-court remedies for grounds 7 and 8. ECF No. 30. The court dismissed those grounds upon petitioner's motion. ECF No. 32. Respondent's answer followed. ECF No. 35.

Petitioner then filed a motion to voluntarily dismiss grounds 9 through 13 and for a certificate of appealability for grounds 1 through 5. ECF No. 39. Respondents do not oppose the voluntary dismissal of grounds 9 through 13, but they want the dismissal to be with prejudice. Respondents do oppose the granting of a certificate of appealability for grounds 1 through 5. ECF No. 40, at 2-4. Petitioner wants the dismissal of grounds 9 through 13 to be without prejudice. ECF No. 42, at 2.

The court will not grant a certificate of appealability for grounds 1 through 5. As the court noted when it dismissed these grounds, petitioner fundamentally misunderstands Nevada law regarding habitual-criminal sentencing. Petitioner argued in those grounds that the state district court should have imposed a prison term both for the principal offenses, eluding a police officer and possession of a controlled substance, and then imposed another prison term for being a habitual criminal. Petitioner based his argument upon language in a couple of older Nevada Supreme Court decisions stating that a district court must "sentence" a person for the principal crime and then impose the "penalty" of the habitual-criminal statute. Confusing terms aside, what the Nevada Supreme Court was holding was that a district court cannot find a person guilty solely of being a habitual criminal. The district court must find a person guilty of a principal crime and then, if it

decides to adjudicate the person as a habitual criminal, impose the habitual-criminal prison term. Hollander v. State, 418 P.2d 802, 807 (Nev. 1966). Subsequent decisions of the Nevada Supreme Court, which this court cited in its order dismissing grounds 1 through 5, show that what petitioner argues the district court should have done is illegal under Nevada law. The state district court followed state law, and thus there was no federal due process violation. Reasonable jurists would not disagree with this determination, and the court will not issue a certificate of appealability.

The court also will not grant petitioner's request to dismiss grounds 9 through 13 without prejudice. Even if the court dismissed these grounds without prejudice, in effect the court would be dismissing them with prejudice. Any subsequent petition would be untimely because the one-year period of limitation of 28 U.S.C. § 2244(d)(1) has expired. Petitioner likely would be unable to demonstrate an inability to litigate to justify equitable tolling because he has been litigating this action. Petitioner also seems to think that dismissing grounds 9 through 13 would mean that this action would be closed. He is wrong. Ground 6 still would remain. For the reasons stated below, ground 6 is without merit. If the court dismissed grounds 9 through 13, the court still would deny the petition, and then any subsequent petition would be subject to the successive-petition bars of 28 U.S.C. § 2244(b). Grounds 9 through 13 are fully briefed and ready for a decision. That is what the court will do.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was

based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

In ground 6, petitioner claims that counsel provided ineffective assistance at sentencing. Petitioner argues that counsel did not have petitioner evaluated for mental-health issues or substance-abuse issues. Petitioner also argues that counsel did call any witnesses or present any evidence at the sentencing hearing.

"[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim

to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

On this issue, the Nevada Supreme Court held:

> Appellant argues that trial counsel was ineffective for failing to communicate with him between the trial and sentencing and for failing to present any mitigating evidence at sentencing. Appellant contends that counsel should have called witnesses, such as his mother, fiancé, sister, and daughter, to testify as to his character. Appellant also contends that counsel should have argued for placement in a drug program as an alternative to a sentence of imprisonment as a habitual criminal and that counsel should have presented the psychological evaluation of appellant that showed that he was diagnosed with schizoaffective disorder and had not received treatment. Appellant fails to demonstrate that he was prejudiced. Given appellant's significant criminal history, appellant fails to demonstrate any reasonable probability of a different result at sentencing had counsel presented testimony of his character or the psychological evaluation. Notably, counsel informed the trial court of appellant's mental health issues and drug addiction and asked that appellant be placed in a drug or mental health program, but the trial court instead adjudicated appellant as a habitual criminal and sentenced him to life in prison with the possibility of parole after ten years.

Ex. 119, at 2 (ECF No. 24-19, at 3). The court agrees with respondents. The problem was not that counsel failed to present any testimony or other evidence, because that information was in the pre-sentence investigation report and was in the arguments of both counsel and petitioner himself. See Ex. 23, at 5, 10, 12-13 (ECF No. 20-23, at 6, 11, 13-14). The problem, as the trial court noted when deciding to impose a habitual-criminal sentence, was that petitioner had a long string of felony convictions dating back to the 1980s. Id. at 13-15 (ECF No. 20-23, at 14-16). The trial court simply was not persuaded by counsel's and petitioner's arguments. The Nevada Supreme Court reasonably applied Strickland in its decision.

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability for ground 6.

Grounds 9 and 10 are claims of insufficient evidence to support the conviction for possession of a controlled substance. In ground 9, petitioner argues that the amount of cocaine that the police found, 0.37 grams, was not shown to be of sufficient quality and quantity to be used as a narcotic. In ground 10, petitioner argues that the prosecution had not proven that petitioner exercised dominion and control over that cocaine. The Nevada Supreme Court summarized the facts:

> First, appellant challenges the sufficiency of the evidence on the grounds that the State failed to prove that (1) a sufficient quantity and quality of cocaine was recovered and (2) appellant exercised dominion and control over the cocaine. The evidence shows that after a brief high speed chase with the police, appellant exited his vehicle but refused to comply with a police officer's commands to facilitate apprehension. Instead, appellant turned his back to the police officer and "started digging into his right coat pocket with his hands." After appellant was apprehended, two small rocks of cocaine, weighing .37 grams, were found where he was standing.

Ex. 48, at 1 (ECF No. 21-23, at 2). The court has reviewed the transcript of the trial. Ex. 19 (ECF No. 20-19). The Nevada Supreme Court accurately summarized the testimony of the police officers and the investigator. Respondents also accurately summarized the facts of the case in their answer. ECF No. 35, at 7-8. On these claims, the Nevada Supreme Court held:

> To sustain a conviction for possession, NRS 453.570 requires that the controlled substance be of an "amount necessary for identification as a controlled substance." Possession may be imputed to appellant because it was found in a location that was immediately and exclusively accessible to him. See Marshall v. State, 110 Nev. 1328, 1332-33, 885 P.2d 603, 606 (1994); Glispey v. Sheriff, 89 Nev. 221, 223-24, 510 P.2d 623, 624 (1973). We conclude that a rational juror could find appellant guilty of possession of a controlled substance. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Origel-Candido v. State, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

Ex. 48, at 1-2 (ECF No. 21-23, at 2-3). The Nevada Supreme Court identified the governing principle of federal law, in Jackson v. Virginia. Ground 9, and the corresponding claim on direct appeal, is a claim that the prosecution failed to prove that the 0.37 grams of cocaine found by the police was of sufficient quantity and quality to be used as a narcotic. What the Nevada Supreme Court left unstated in its order was that petitioner based his argument upon earlier decisions of the Nevada Supreme Court that no longer were good law. The correct standard is in Nev. Rev. Stat. § 453.570, which, as the Nevada Supreme Court correctly noted, requires only that the controlled substance was an "amount necessary for identification as a controlled substance." The police criminalist testified that she was able to identify the two rocks as cocaine, a controlled substance. Ex. 19, at 96 (ECF No. 20-19, at 97). Regarding ground 10, the Nevada Supreme Court accurately summarized the evidence that petitioner dug into his coat pocket and that a police officer then found two rocks of cocaine at that spot. The Nevada Supreme Court reasonably determined that evidence was sufficient for the jury to find that petitioner possessed a controlled substance.

1    Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability for grounds 9 and 10.

In ground 11, petitioner argues that the admission of evidence that a pipe used for smoking cocaine was found on petitioner—the pipe itself was destroyed after the police photographed it—violated his constitutional rights. Petitioner was not charged with possession of drug paraphernalia. On this issue, the Nevada Supreme Court held:

> Second, appellant contends that the district court erred by admitting drug paraphernalia (a glass pipe) recovered during a post-arrest search. After a hearing, the district court concluded that the evidence was relevant to show knowledge of drug activity, proved by clear and convincing evidence, and was not unduly prejudicial. . . . And the district court provided a limiting instruction when the evidence was introduced. Based on the record before us, we conclude that the district court did not abuse its discretion by admitting this evidence. . . . Even assuming error, appellant fails to demonstrate prejudice considering the evidence supporting his conviction for possession of a controlled substance. . . .

Ex. 48, at 2 (ECF No. 21-23, at 3) (citations omitted). An error in state evidence law does not violate the Fourteenth Amendment unless the error is so great that it renders the proceedings fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 70 (1991). However, McGuire specifically reserved comment on the question whether admission evidence of other illegal acts to prove propensity to commit a crime could violate the constitution. Id. at 70, 74-75. See also Alberni v. McDaniel, 458 F.3d 860, 864 (9th Cir. 2006). The Nevada Supreme Court's decision cannot be contrary to, or an unreasonable application of clearly-established federal law as determined by the Supreme Court of the United States because no such clearly-established federal law exists on this issue. Alberni, 458 F.3d at 867. See also Carey v. Musladin, 549 U.S. 70, 77 (2006). Ground 11 is without merit.

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability for ground 11.

Grounds 12 and 13 are claims that petitioner's habitual-criminal sentences are unconstitutional. In ground 12, petitioner claims that the sentences are unconstitutional because his prior convictions are stale and non-violent. In ground 13, petitioner claims that the sentences are grossly disproportionate to the crimes that he committed. The Nevada Supreme Court considered these claims together, and held:

> Third, appellant challenges his sentence on the grounds that (1) the district court considered stale and nonviolent prior convictions in adjudicating him a habitual criminal and (2) his punishment is cruel and unusual because he was adjudicated a habitual criminal for both offenses. Appellant enjoyed a lengthy criminal history, sustaining eight felony convictions in 16 years, with all but one conviction appearing to be nonviolent. See Arjakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) (providing that habitual criminal adjudication "makes no special allowance for non-violent crimes or for the remoteness of convictions"). Nothing in the record suggests that the district court abused its discretion in sentencing appellant. See Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993). And although appellant's sentence is substantial, it falls within statutory limits, see NRS 207.010, and is not cruel and unusual. See Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996).

Ex. 48, at 2-3 (ECF No. 21-23, at 3-4). In an omitted footnote, the Nevada Supreme Court noted that its review of the district court's sentencing decision was limited because petitioner did not provide that court with the sentencing transcript. Arjakis, and the text of Nev. Rev. Stat. § 207.010 itself, disposes of petitioner's claim in ground 12 that § 207.010 is reserved for violent offenders with recent convictions.

Regarding ground 13, the Eighth Amendment prohibits grossly disproportionate sentences. Lockyer v. Andrade, 538 U.S. 63, 71-73 (2003) (citing Harmelin v. Michigan, 501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980)). Nevada has developed the same principle. Lloyd v. State, 576 P.2d 740, 742 (1978). The rule regarding the proportionality of a sentence is about as general as possible. "A gross disproportionality principle is applicable to sentences for terms of years." Andrade, 538 U.S. at 72. "[T]he precise contours of [it] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 73. Andrade was a repeat offender, and he received consecutive sentences of life imprisonment with the possibility of parole for two separate thefts of videotapes. The Supreme Court held that the California Supreme Court applied the principle reasonably when holding that the sentences were not grossly disproportionate. In Ewing v. California, 538 U.S. 11 (2003) (plurality opinion), the Supreme Court held that Ewing's repeat-offender sentence of life imprisonment with the possibility of parole for the theft of three golf clubs totaling $1,200 in value was not grossly disproportionate.[1] If sentences of life imprisonment with the possibility of parole for theft by repeat offenders are not grossly

---

[1] Ewing came to the Supreme Court after the conclusion of direct review in the state courts, not through a habeas corpus petition in federal courts, and thus the deferential standard of review in § 2254(d)(1) did not apply.

disproportionate, then the Nevada Supreme Court could not have applied the principle unreasonably when it determined that petitioner's sentences, enhanced because he is a repeat offender, also met the standard. Ground 13 is without merit.

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability for grounds 12 and 13.

IT IS THEREFORE ORDERED that petitioner's motion to voluntarily dismiss grounds 9 through 13 and application for certificate of appealability on grounds 1 through 5 (ECF No. 39) is **DENIED**.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus (ECF No. 9) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: June 14, 2017.

_____
ROBERT C. JONES
United States District Judge